UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RACHEL OLIVA,

                    Plaintiff,                                **COMPLAINT**

  -against-

SGM AUTO WASH INC. d/b/a BOHEMIA
AUTO WASH and MADHU S. SINGHAL,

                    Defendants.
-------------------------------------------------------------------X

       Plaintiff, RACHEL OLIVA ("Plaintiff"), by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, SGM AUTO WASH INC. d/b/a BOHEMIA AUTO WASH and MADHU S. SINGHAL (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action to recover unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

      2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

      3.    In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 4740 Sunrise Highway, Bohemia, New York 11716.

## PARTIES

5. At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

6. Defendant, SGM AUTO WASH INC. d/b/a BOHEMIA AUTO WASH, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

7. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

8. At all times relevant, Defendant is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant, Defendant has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10. Defendants' auto wash requires a "wide variety" of materials that have moved through interstate commerce such as brushes, solvents, soap, cleaning supplies, and more.

2

11. At all times relevant, Defendant, MADHU S. SINGHAL, had authority to make payroll and personnel decisions for Defendant's service station, was and still is active in the day to day management of the service station, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

## FACTS

12. Plaintiff was employed as an hourly-paid cashier by Defendants from in or about March 2018 to in or about December 2019.

13. Plaintiff regularly worked 6 days per week. Plaintiff's regular day off was Monday. Plaintiff worked Tuesday through Saturday from 11 AM to 7PM and Sunday from 7 AM to 7 PM.

14. Plaintiff regularly worked more than forty hours in a workweek but was not paid at the rate of time and one-half for all hours worked in excess of 40 hours per week. Instead, Defendants paid Plaintiff at her regular hourly rate for all hours worked, including hours worked after 40 hours per week.

15. Defendants paid Plaintiff at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

16. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff a premium for the hours worked after forty (40) hours per week in violation of the FLSA.

17. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

18.     Defendants failed to provide written notice to Plaintiff of her rate of pay; basis of her rate of pay; the regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the New York State Labor Law.

19.     Defendants failed to furnish Plaintiff with an accurate statement of her wages each pay period setting forth the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

20.     Plaintiff began a maternity leave of absence in May 2019. On or about October 23, 2019, Plaintiff sought to return to work. Although Plaintiff was able and desired to return to work fulltime, Defendants refused to allow Plaintiff to return to work. Defendants terminated Plaintiff's employment without warning based on her gender and pregnancy in violation of the State Human Rights Law.

21.     Defendants discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment based on gender and pregnancy.

22.     Due to Defendants' discrimination, Plaintiff suffered the loss of her job and the opportunity to work; suffered lost wages, income and employment-related benefits; and suffered financial harm.

23.     Due to Defendants' discrimination, Plaintiff suffered substantial emotional harm and distress, anxiety, worry about her financial security, embarrassment and humiliation.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

24.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

25. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff a premium for the hours he worked after forty (40) hours per week in violation of the FLSA.

26. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

27. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

28. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR OVERTIME WAGES

29. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff overtime pay for the hours they worked after forty (40) hours per week in violation of New York Labor Law.

31. By Defendants' failure to pay Plaintiff overtime wages for hours worked after 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

32. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK SPREAD OF HOURS

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Plaintiff regularly worked more than ten hours in a single day.

35. Defendants did not pay Plaintiff an additional hour's pay when they worked more than ten hours in a day.

36. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated 12 N.Y.C.R.R. §142.

37. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### WAGE NOTICE VIOLATION

38. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendants failed to provide Plaintiff with written notice in her primary language of her rate of pay; the basis of her rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law §195.

40. Defendants are liable to Plaintiff for damages in the amount of $5,000.00.

6

## FIFTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants failed to furnish Plaintiff with an accurate statement of wages setting forth the overtime rate of pay and number of overtime hours worked as required by Labor Law §195(3).

43. Defendants are liable to Plaintiff for damages in the amount of $5,000.00.

## SIXTH CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants discriminated against Plaintiff on the basis of her gender and pregnancy in violation of the New York State Human Rights Law.

46. Defendants discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment based on gender and pregnancy.

47. Due to Defendants' discrimination, Plaintiff suffered the loss of her job and the opportunity to work; suffered lost wages, income and employment-related benefits; and suffered financial harm.

48. Due to Defendants' discrimination, Plaintiff suffered substantial emotional harm and distress, anxiety, worry about her financial security, embarrassment and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor Regulations;

(ii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii.) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv.) Damages pursuant to New York State Labor Law §198;

(v.) Back pay, front pay and compensatory damages pursuant to the NYSHRL;

(vi.) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
February 11, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero*
Peter A. Romero, Esq.
825 Veterans Highway Ste. B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

Case 2:20-cv-00754-JMA-SIL   Document 1   Filed 02/11/20   Page 9 of 9 PageID #: 9

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against SGM Auto Wash, Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____          __1/14/2020__
Rachel Oliva                                                    Date